UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARYANNE DAUER, DEBORA COLE
AND JOAN PUCINO,

            Plaintiffs,

      -against-

VERIZON COMMUNICATIONS INC.,

            Defendant.

**MEMORANDUM OPINION
AND ORDER**

03 Civ. 05047 (PGG)

PAUL G. GARDEPHE, U.S.D.J.

        Plaintiff Debora Cole ("Cole") was employed by Defendant Verizon Communications Inc. ("Verizon") or its predecessor companies as a Central Office technician. She alleges that beginning in approximately 1994, Verizon subjected her to disparate treatment and a hostile work environment because of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (hereafter, "Title VII"), and the New York State Human Rights Law, New York Executive Law § 296 (hereafter, "NYSHRL"). (Cmplt. ¶¶ 12-13, 31-33)

        Although the Complaint asserts a variety of discrimination claims on behalf of the three plaintiffs, Cole has since conceded that her only claim is that Verizon discriminated against her on the basis of her sex by failing to provide her with "adequate, sex-segregated toilet facilities." (Def. Rule 56.1 Statement ¶ 8)[1] Since approximately 1997, Cole has spent the majority of her work time in Verizon's Beacon, New York

---

[1] The statements in each cited paragraph from Defendant's Rule 56.1 Statement are admitted in corresponding numbered paragraphs in Cole's Answer to Defendant's Rule 56.1 Statement.

Central Office; for five days every six to eight weeks, she "roves" to other offices. (Id. ¶ 7) Cole complains that the bathroom at the Beacon Central Office was "sometimes occupied when she wanted to use it," and that it and another bathroom in a building behind the Central Office are "not as clean as she would like [them] to be." (Id. ¶¶ 12, 14) Cole also complains that although Defendant has at times arranged for two women-only bathrooms in buildings near the Central Office, she lost regular access to one such bathroom in 2000 when it became part of the foreman's office, and the other became unisex in July 2003. (Id. ¶¶ 15-16) Cole's complaint about the bathrooms available to her when she "roves" is that they were sometimes occupied when she wanted to use them. (Id. ¶ 10) Cole also complains that a bathroom at Defendant's Newburg West facility "is not as clean as she would like it to be." (Id. ¶ 13)

Verizon has moved for summary judgment with respect to Cole's claim.[2] For the reasons stated below, Verizon's motion for summary judgment against Cole (Docket No. 30) is GRANTED.

## DISCUSSION

Summary judgment is warranted if the moving party shows that "there is no genuine issue as to any material fact" and that it "is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor," Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008), and the Court "resolve[s] all ambiguities, and credit[s] all factual inferences that could

---

[2] Verizon has also moved for summary judgment against Plaintiffs Dauer and Pucino. The Court will consider those motions separately.

rationally be drawn, in favor of the party opposing summary judgment." <u>Cifra v. General Electric Co.</u>, 252 F.3d 205, 216 (2d Cir.2001).

"It is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases," and that "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to . . . other areas of litigation." <u>Abdu-Brisson v. Delta Airlines, Inc.</u>, 239 F.3d 456, 466 (2d Cir. 2001). As in any other case, "an employment discrimination plaintiff faced with a properly supported summary judgment motion must 'do more than simply show that there is some metaphysical doubt as to the material facts.' . . . She must come forth with evidence sufficient to allow a reasonable jury to find in her favor." <u>Brown v. Henderson</u>, 257 F.3d 246, 251 (2d Cir. 2001) (quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)). "Mere conclusory statements, conjecture or speculation" by the plaintiff will not defeat summary judgment. <u>Gross v. Nat'l Broadcasting Co., Inc.</u>, 232 F. Supp. 2d 58, 67 (S.D.N.Y. 2002); <u>see also</u> <u>Holcomb v. Iona College</u>, 521 F.3d 130, 137 (2d Cir. 2008) ("Even in the discrimination context . . . a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment."); <u>Meiri v. Dacon</u>, 759 F.3d 989, 998 (2d Cir. 1985) ("To allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all Title VII cases.").

The Court is mindful that "direct evidence of . . . [discriminatory] intent will only rarely be available, . . . [so] 'affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination.'"

Holcomb, 521 F.3d at 137.  However, the Court must also "carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture."  Bickerstaff v. Vassar College, 196 F.3d 435, 448 (2d Cir. 1999).

As is done routinely in this Circuit, the Court will treat Cole's claims under Title VII and the NYSHRL "as analytically identical, applying the same standard of proof to both claims."  See Salamon v. Our Lady of Victory Hospital, 514 F.3d 217, 226 n.9 (2d Cir. 2008) (considering sex discrimination claims); Schiano v. Quality Payroll Sys., 445 F.3d 597, 609 (2d Cir. 2006) (applying same standards to hostile work environment claims under federal and New York state law).

### A.    The Nature of Cole's Claim

As a preliminary matter, the Court must determine whether Cole brings her claim under a disparate treatment theory or hostile work environment theory, or both. Plaintiffs filed a single joint memorandum of law opposing Verizon's three summary judgment motions, and in their brief Plaintiffs repeatedly blur their disparate treatment and hostile work environment claims.  Compare Pltf. Br. at 19-26 (in argument section, discussing "disparate treatment" claims of Dauer and Pucino, but not Cole) and id. at 26-31 (discussing bathroom claims in context of hostile work environment theory), with id. at 2, 12-13 (describing facts relating to Cole's bathroom claim in section titled "Disparate Treatment").

Disparate treatment and hostile work environment claims, however, are separate theories of unlawful discrimination.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108-115 (2002) (explaining different types of "unlawful employment practices" prohibited by Title VII); Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002)

(noting that plaintiff had "pleaded both discrimination theories available under Title VII: disparate treatment . . . and hostile work environment").  Disparate treatment claims based on discrete acts such as a pay cut or termination of employment are treated differently from hostile work environment claims, which are based on the "cumulative effect of individual acts" that "may not be actionable on . . . [their] own."  Morgan, 536 U.S. at 115.

The elements of disparate treatment and hostile work environment claims are likewise different.  Thus, to survive summary judgment with respect to a disparate treatment claim, the plaintiff must, inter alia, meet her "initial burden of establishing a prima facie case of discrimination" by showing "(1) that [s]he belonged to a protected class; (2) that [s]he was qualified for the position [s]he held; (3) that [s]he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent."  Holcomb, 521 F.3d at 138 (internal quotations omitted).  In contrast, to defeat a motion for summary judgment on a hostile work environment claim, the plaintiff must "adduce evidence sufficient to permit a reasonable jury to conclude that her workplace was 'permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to alter the conditions of [her] employment.'"  Petrosino v. Bell Atlantic, 385 F.3d 210, 221 (2d Cir. 2004) (internal quotations and citations omitted).

Cole does not attempt to establish a prima facie case of disparate treatment here – for instance, she has not argued that Defendant's alleged failure, on particular occasions, to provide clean, same-sex bathrooms constituted an adverse employment action.  Moreover, she cannot rely on the cumulative effect of the alleged unavailability

5

of clean toilet facilities to establish that she suffered an adverse employment action for purposes of a disparate treatment claim. See Figueroa v. New York City Health & Hospitals Corp., 500 F. Supp. 2d 224, 230 (S.D.N.Y. 2007) (rejecting argument that refusal to approve vacation for plaintiff's preferred times, "in tandem" with a subsequent denial of medical leave, constituted an adverse employment action, and finding no support for "the proposition that we are to consider the cumulative effect of individually alleged adverse employment actions when evaluating an intentional discrimination claim"); Hill v. Rayboy-Brauestein, 467 F. Supp. 2d 366, 356 n.22 (S.D.N.Y. 2006) (rejecting argument that the "cumulative effect" of acts that were "not actionable in isolation" could "amount[] to an adverse employment action" in the disparate treatment context). [3]

---

[3] Even if Cole had argued that she suffered an adverse employment action, a disparate treatment claim would fail as a matter of law because Cole's evidence is not sufficient to establish a prima facie case. In the context of a disparate treatment claim, an "adverse employment action" is one that causes a "materially adverse change in the terms and conditions of employment," and not just "mere inconvenience." Schiano, 445 F.3d at 609; Sanders v. New York City Human Resources Admin., 361 F.3d 749, 755 (2d Cir. 2004) ("[t]o be materially adverse, . . . [the] change in working conditions must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities'"). As discussed below, Cole's evidence shows only that the bathroom facilities available to her were often occupied by other (male) employees and were not as clean as she would have preferred. An employer's failure to provide clean, same-sex toilet facilities, standing alone, does not constitute an adverse employment action for purposes of establishing a prima facie case of discrimination. See Macklin v. Am. Sugar Refining, Inc., No. 06-Civ.-2567, 2007 WL 2815984, at *1 (D. Md. Sep. 26, 2007) (defendant's provision of a unisex bathroom that plaintiff believed to be "substandard and unclean" did not constitute disparate treatment); Brinkley v. City of Green Bay, 392 F. Supp. 2d 1052, 1060 (E.D. Wis. 2005) (noting lack of authority to support plaintiff's argument that the failure to provide bathrooms "dedicated to only one sex" is "in itself . . . a violation of federal law"); Alseth v. Douglas Cty., No. 99-Civ.-627, 2000 WL 34230127, at *10 (W.D. Wis. June 23, 2000) (employer's conversion of the women's restroom into a unisex bathroom was not an adverse employment action; "sharing a bathroom with men" is "too trivial to constitute adverse employment action").

6

Therefore, the Court will consider Cole's claim only under a hostile work environment theory. To defeat summary judgment, Cole must produce evidence from which a reasonable jury could find "that the complained of conduct: (1) [was] objectively severe or pervasive – that is, . . . create[d] an environment that a reasonable person would find hostile or abusive; (2) create[d] an environment that . . . [Cole] subjectively perceive[d] as hostile or abusive; and (3) create[d] such an environment because of . . . [Cole's] sex." Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) (internal quotations omitted).

**B.     The Evidence Relating to Cole's Hostile Work Environment Claim**

In opposing summary judgment, Cole offers her own testimony and the testimony of her co-plaintiffs and one other co-worker. Because the parties dispute whether the co-plaintiff and co-worker testimony is admissible with respect to Cole's claim, the evidence is addressed separately below.

**1.     Evidence From Cole's Testimony and Admissions**

Between 1995 and July 2003, when the Complaint was filed, the Beacon Central Office had a unisex bathroom with two toilets, two urinals and two doors, both of which are equipped with locks. (Rule 56.1 Statement ¶ 12) During portions of that time period, Cole had access to three additional bathrooms: prior to 2000, Cole had access to a women's bathroom in the plant results clerk's office in the installation and maintenance building behind the Beacon Central Office (id. ¶ 15); since 2000, Cole has had access to a unisex bathroom in the installation and maintenance building behind the Beacon Central Office (id. ¶ 14); and for some period of time, Cole had at least occasional access to a women's bathroom in a building located next to the Beacon Central Office, although that bathroom has been treated as a unisex bathroom since July 2003 (id. ¶ 16).

7

In approximately mid-2000, male construction workers performing contract work for Verizon began using the bathroom in the Beacon Central Office. (Cole Aff. ¶ 5) The men did not always lock the door, so unless Cole "yell[ed]" outside the door before entering, she "walk[ed] in on them." (Id. ¶ 6; Cole Dep. (PX2) 25:15-18) Further, the men "left the bathroom filthy," in that they would "go to the bathroom on the seat" and not "flush the toilet." (Cole Aff. ¶ 6; Cole Dep. (PX2) 27:12-16) As of October 2005, Cole was still "unable to use" the bathroom in the Beacon Central Office because "it . . . [was] usually occupied by men." (Id. ¶¶ 12-13)

Cole complained about the bathroom situation to her supervisors, filed a union grievance, and, in early 2001, complained to Verizon's EEO hotline. (Id. ¶ 10) However, Verizon did not create a women-only restroom. (Id. ¶¶ 7-8)

### 2. Co-Plaintiff and Co-Worker Evidence

The summary judgment record also contains evidence from Cole's co-plaintiffs, Dauer and Pucino, concerning: (1) the availability of sex-segregated bathrooms; (2) the condition of bathrooms that were available to them; and (3) whether their supervisors allowed them to use public restrooms while they were in the field. In addition, in support of their own hostile work environment claims, Dauer and Pucino have offered evidence concerning alleged conduct other than the failure to provide adequate toilet facilities.

Defendant argues that Dauer's and Pucino's evidence is inadmissible "me too" evidence – and should be excluded under Rules 401 and 403 of the Federal Rules of Evidence – because their bathroom claims are "based on very different facts." (Def. Supp. Br. at 5, 11, 17-19) Cole concedes that she "worked at the Beacon location and did

not work directly with Dauer and Pucino," but argues that each plaintiff may rely on the others' testimony because, inter alia, "each plaintiff suffered the consequences of Verizon's area-wide failure to ensure equal bathroom privileges." (Pltf. Supp. Br. at 2)

The question whether alleged evidence of discrimination experienced by Dauer and Pucino is admissible "is fact based and depends on many factors, including how closely related the evidence is to . . . [Cole's] circumstances and theory of the case." Sprint/ United Mgmt. Co. v. Mendelsohn, 128 S.Ct. 1140, 1147 (2008). Here, Dauer's and Pucino's circumstances were generally dissimilar to Cole's, because they had a different job and were based at different locations. (Dauer Aff. ¶ 2 (Dauer worked as a field technician based at the Pierce's Road Garage and the Union Avenue Garage); Pucino Aff. ¶¶ 2-3, 25-31 (Pucino worked as a field technician based at the Union Avenue Garage starting in 1995)) Cole's theory of the case is also much more limited than Dauer's or Pucino's, because her claim concerns only the availability and conditions of the bathrooms that Verizon provided, whereas Dauer and Pucino complain about varied acts of alleged harassment, including, for example, being denied equal access to equipment and assistance that their male co-workers regularly received. (See Pltf. Br. 2-18) Therefore, except to the extent that Dauer's and Pucino's evidence relates to the particular bathrooms available to Cole, their testimony is irrelevant and inadmissible under Rule 401.

To the extent that Dauer's and Pucino's testimony addresses the availability and conditions of bathrooms in locations where Cole worked, it may be probative of whether Cole's work environment was "objectively hostile" to women, which is one element of a hostile work environment claim. Dawson v. County of

Westchester, 373 F.3d 265, 274 (2d Cir. 2004); see also Patane, 508 F.3d at 113. Such testimony is therefore relevant under F.R.E. 401 and will be considered by the Court unless it is otherwise inadmissible.[4]

With respect to the Beacon Central Office, Dauer avers that "there was only one restroom in the basement for everyone to use. I suffered the same indignities as Cole when I inadvertently walked in on men using the restroom. From approximately May through September 2000, I complained to supervisors Tom McClure and Dave Dodaro about this situation." (Dauer Aff. ¶ 9) This statement is admissible evidence concerning Cole's claim, except to the extent it is offered as evidence that Cole herself "suffered . . . indignities." (Id.) Dauer's affidavit provides no basis to infer that her assertion concerning Cole's experience is based on Dauer's own personal knowledge or experience. See Zakre v. Norddeutsche Landesbank Girozentrale, 396 F. Supp. 2d 483, 504 (S.D.N.Y. 2005) ("The test for admissibility is whether a reasonable trier of fact could believe the witness had personal knowledge.").

Pucino avers that "[t]he restroom facilities that defendant provided at its central offices were not sex-segregated, often lacked locks on the doors, had makeshift walls or multiple stalls, preventing privacy." (Pucino Aff. ¶ 9) The Court will consider this as evidence relating to the condition of the Beacon Central Office restroom. In

---

[4] The Court makes no determination as to whether Dauer's and Pucino's evidence would be relevant to the question of whether Verizon "'create[d] . . . [the alleged hostile] environment because of . . . [Cole's] sex.'" Patane, 508 F.3d at 113. As explained below, Verizon is entitled to summary judgment because Cole has not offered evidence from which a jury could find that the complained of conduct "'[was] objectively severe or pervasive – . . . [i.e., that it] create[d] an environment that a reasonable person would find hostile or abusive.'" Id. Given this determination, it is not necessary for this Court to consider the other elements of a hostile work environment claim.

addition, Pucino offers testimony that "women field technicians complained" that "the doors to these facilities were not secure, so that men could and did walk in on them or that they inadvertently walked in on men," and that "males left these bathrooms with urine and feces in the toilets and on the seats and that management did nothing to correct the problems."  (Pucino Aff. ¶¶ 10-11)  Pucino's affidavit, however, offers no basis from which this Court can infer that this statement is based on her own personal experience with the restrooms.  Accordingly, Puccino's statements concerning the complaints allegedly made by "women field technicians" are hearsay and may not be considered in deciding whether Cole's claim should survive summary judgment.

The Court will consider as evidence the testimony of Gregory Irwin, who served as Business Agent for Plaintiffs' union, that as of October 12, 2005 there was no "sex-segregated bathroom available" at the Beacon Central Office.  (Irwin Aff. ¶¶ 16-17)  For purposes of this motion, there is no reason not to consider this evidence, because it directly relates to Cole's claim and there is a basis to believe that the evidence is based on Irwin's personal knowledge and observations.[5]  See Zakre, 396 F. Supp. 2d at 504.

**C.    Cole Has Not Offered Evidence Sufficient for a
       Jury To Find that She Was Subjected to a Hostile Work Environment**

Defendant is entitled to summary judgment on Cole's hostile work environment claim because she has failed to offer evidence from which a reasonable jury could find that the complained of conduct "'[was] objectively severe or pervasive – . . . [i.e., that it] create[d] an environment that a reasonable person would find hostile or

---

[5]  In contrast, Irwin's statement that Cole "usually waits to go home to use the bathroom" (Irwin Aff. ¶ 17) will not be considered because Cole has provided no basis to believe that this statement is based on Irwin's personal knowledge.

abusive.'" Patane, 508 F.3d at 113.  Whether a work environment is "objectively hostile . . . should be assessed based on the totality of the circumstances." Id.  "Factors that a court might consider in assessing the totality of the circumstances include: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is threatening and humiliating, or a mere offensive utterance; and (4) 'whether it unreasonably interferes with an employee's work performance." Id. (internal citations omitted).  This standard is intended to "filter out complaints attacking 'the ordinary tribulations of the workplace,'" and the Supreme Court has "made it clear that [the complained of] conduct must be extreme to amount to a change in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998).

Drawing all reasonable inferences in Cole's favor, a factfinder could conclude that the bathrooms available to Cole were routinely occupied by men when she wanted to use them, and that they were also dirty.  A factfinder could also conclude that Cole sometimes risked walking in on her male co-workers.  A factfinder could further conclude that Cole's lack of access to an unoccupied, clean bathroom occurred frequently, which is one factor the Court must consider. Patane, 508 F.3d at 113.

However, none of the other relevant factors weigh in Cole's favor.  Cole has offered no evidence showing that she was physically threatened or humiliated. See id.  Unlike Dauer, Cole does not even state that she "suffered indignities" by "inadvertently walk[ing] in on men using the restroom."  (Dauer Aff. ¶ 9)  She also does not claim that her privacy was violated by men walking in on her.  Cole has likewise not offered evidence that the bathroom situation was "sever[e]" or "unreasonably interfere[d]" with her work performance. See Patane, 508 F.3d at 113.  Although Cole

12

offered evidence that male employees often left the bathrooms dirty, she has admitted that her real concern was the fact that the bathrooms were occupied when she wanted to use them.  (Def. Rule 56.1 Stat. ¶ 9 (admitting that there would "not be an issue with unisex bathrooms, if there were more bathroom facilities provided")).  Cole offers no evidence concerning the impact – if any – that the bathroom access and condition had on her ability to do her job.  In the absence of such evidence – and in light of the evidence that Cole had several unisex bathrooms available to her and at times had a women's bathroom available to her – no reasonable jury could find that Cole lacked access to bathrooms to a degree that rendered her work environment "hostile or abusive."  Patane, 508 F.3d at 113.

This conclusion is supported by two cases (cited by Cole) in which courts in other circuits held that plaintiffs who offered more substantial evidence concerning the lack of adequate bathroom facilities could not establish a hostile work environment claim.  In DeClue v. Central Illinois Light Co., 223 F.3d 434 (7th Cir. 2000), the Seventh Circuit held that, as a matter of law, the female plaintiff could not establish a hostile work environment claim premised on her employer's failure to make any bathrooms available at a job site.  Id. at 436.  And in Kline v. City of Kansas City, Fire Dep't, 175 F.3d 660 (8th Cir. 1999), the Eighth Circuit held that a plaintiff's evidence that the employer's "bathroom facilities for women" were "deficient" because they lacked showers and privacy was insufficient to establish a hostile work environment claim.  Id.

at 669 (holding that district court's decision to exclude such evidence was harmless because it would not have established a claim).[6]

Cole has not cited, and this Court is not aware of, any case where a court allowed a claim such as hers to survive summary judgment. Other than DeClue and Kline – where the courts affirmed judgment as a matter of law for the employer – Cole cites only one case concerning a hostile work environment claim in this context: Baker v. John Morrell & Co., 220 F. Supp. 2d 1000 (N.D. Iowa 2002). However, the facts in Baker are not analogous to those here. In Baker, the court denied the employer's motion for summary judgment based on evidence that, inter alia, the plaintiff's co-workers made numerous obscene comments and gestures toward her; a supervisor assigned her extra duties that were not assigned to her male co-workers; and a supervisor allowed male employees to take substantially longer and more frequent bathroom breaks. Id. at 1003-04, 1016-17. Thus, the plaintiff in Baker offered substantially greater evidence of harassment than Cole has offered here, including significant evidence that did not relate to the availability of bathrooms.[7]

---

[6] Plaintiff cites Petrosino v. Bell Atlantic, 385 F.3d 210 (2d Cir. 2004), and Ocheltree v. Scollon Prods., 335 F.3d 325 (4th Cir. 2003), as holding that a plaintiff can prevail on a hostile work environment claim based on "filthy bathrooms." (Pltf. Br. at 30) However, the claims of the plaintiffs in those cases did not relate at all to bathroom conditions. Those cases merely stand for the proposition that a plaintiff may establish the third element of a hostile work environment claim – showing that the complained of conduct occurred because of the plaintiff's gender – even where the conduct could be offensive to both men and women. See Ocheltree, 335 F.3d at 332-33; Petrosino, 385 F.3d at 221.

[7] Plaintiff also cites Stapp v. Overnite Transportation Co., 995 F. Supp. 1207 (D. Kan. 1998). In that case, the court denied the employer's motion for summary judgment on a hostile work environment claim, but not because of evidence concerning bathrooms. The Stapp court held that the plaintiff, a long-distance truck driver, could proceed on a disparate treatment claim based on her assertion that, inter alia, she was denied all access to the employer's shower and toilet facilities in certain cities, including one that was

14

The other decisions on which Cole relies are distinguishable because the courts were not addressing hostile work environment claims and because the plaintiffs offered more evidence than Cole has offered here, including, for example, evidence that the failure to provide sex-segregated bathrooms resulted in "egregious" violations of their privacy or threatened their health. See James v. Nat'l R.R. Passenger Corp., No. 02-Civ.-3915(RJH)(AJP), 2005 WL 6182322, at *5 (S.D.N.Y. March 30, 2005) (employer not entitled to judgment as a matter of law on disparate impact claim concerning failure to provide sex-segregated changing and restroom facilities because there was evidence that "unisex comfort facilities exposed female employees to egregious violations of privacy in addition to whatever harm arose from the fact that the only available toilets were unsanitary");[8] see also Lynch v. Freeman, 817 F.2d 380, 386, 388-89 (6th Cir. 1987) (district court erred in granting employer judgment as a matter of law as to plaintiffs' disparate impact claim where plaintiffs offered evidence that the "unsanitary" bathrooms provided by the employer "created a health hazard for women which was not experienced by the men"); Kligo v. Bowman Transp., Inc., 789 F.2d 859, 874-75 (11th Cir. 1986)

---

unisex. Id. at 1210, 1214. The court also held that the plaintiff could proceed on her hostile work environment claim, but in so doing, it cited the plaintiff's detailed evidence that she was "exposed to explicit sexual comments, intimidation, humiliation, and embarrassment because of her gender" – not her claims concerning access to bathroom facilities. Id. at 1210-11, 1214. Here, Cole was not denied all access to bathroom facilities, and she also makes no claim that she was exposed to explicit sexual comments, intimidation, humiliation or embarrassment.

[8] Although the district court did not discuss it, it appears that the plaintiff in James was allowed to go to trial on a hostile work environment claim based on evidence concerning the lack of "comfort facilities" and other evidence concerning sexual harassment. Id., 2005 WL 6182322, at *1. This case does not help Cole, however, because Cole has offered substantially less evidence than the plaintiff in James – Cole has no other evidence of harassment, and she has offered no evidence that she was subjected to "egregious" privacy violations.

15

(finding of pattern or practice of sex discrimination was "bolster[ed]" by – but not based entirely on – the defendant's "refus[al] to provide separate sleeping, showers and bathroom facilities for its women drivers").

Because no reasonable jury could find that Cole was subjected to a hostile work environment, Verizon is entitled to summary judgment on her claims.

## CONCLUSION

For the foregoing reasons, Verizon's motion for summary judgment against Plaintiff Cole (Docket No. 30) is GRANTED.

Dated: New York, New York
January 26, 2009

SO ORDERED

*Paul R. Randolph*
Paul G. Gardephe
United States District Judge